# EXHIBIT 5



Heidi L. De Groot
Larry E. Herrera
Stephen C. Kimball
Bruce G. Lee
Samuel P. Nielson
Marcus R. Schlundt Bodien
Don D. Sessions

Email: sck@job-law.com

January 23, 2024

Via US Mail

Houston Summers and
Sebastian Williams, Managers
Sasser Companies, LLC
dba Sasser Restoration
P.O. Box 10
Whitsett, NC 27377

Re: **Employment Claims David Duta v. Sasser Restoration**
**Request for Documents and Litigation Hold**

Dear Messrs. Summers and Williams,

This office represents David Duta regarding his employment claims against Sasser Restoration (the "company"). We are currently investigating our client's claims regarding Disability Discrimination, Failure to Accommodate, Denial of CFRA Rights, and other potential labor and employment claims.

This letter is to put you and the company on notice to preserve evidence, provide us with records pursuant to the laws stated in this letter, and explain the penalties and sanctions for failure to comply with the law regarding preservation and production of employee records.

Documents at issue in this case include communications between our client and any person who supervised our client at the company and/or anyone who witnessed the facts and circumstances regarding his employment with and termination from the company.

### DEMAND FOR PRODUCTION/INSPECTION OF RECORDS

We hereby demand that the company produce documents according to the law.

**A.     Cal. Labor Code § 226: Requirement to Provide All Wage and Hour Documents**

Cal. Labor Code § 226 states an employer must provide all wage and hour information to former employees within 21 days of the request. The records required are:

> an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who

>is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . .(Cal. Labor Code § 226(a).)

Labor Code § 226 requires an employer to give "accurate itemized statement" with each paycheck. According to Cal. Labor Code § 226, we hereby demand all documents regarding our client's gross wages, including, but not limited to, salary, commissions, bonuses, benefits, auto allowances, and all records of vacation or PTO days accrued by our client and taken by our client from the commencement of employment, as "gross wages" include vacation and other benefits. We also request all other records required by Labor Code Section 226.

"Information" is a broadly construed term which includes all papers, videotapes, contracts, correspondence, letters, emails, telephone messages, telephone statements or bills, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, worksheets, abstracts, resumes, notices, jottings, books, journals, ledgers, audits, maps, charts, diagrams, drafts, research documents, newspapers, appointment books, desk calendars, expense reports, ESI, or any other writing as defined by Cal. Evidence Code § 250.

If the company did not maintain the information of hours worked, then the company must maintain and produce for us our client's telephone records, fax records, e-mail records, and any other records that have a time stamp.

Access to these documents must be granted no later than **twenty-one (21) calendar days** from the date of this request. Failure to provide such records within the twenty-one-day period will result in substantial monetary penalties payable to our client as well as all costs and attorneys' fees expended to force your compliance. Cal. Labor Code § 226(h) provides our client the right to bring an action for injunctive relief to ensure compliance with the section and entitles our client to the recovery of all costs and reasonable attorneys' fees.

Failure to comply with the laws stated herein could potentially subject the company to civil liability.

Cal. Labor Code § 226.3 states, in pertinent part,

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law…

These sections show how serious the law takes the duty to provide accurate statements of an employee's compensation and basis for calculation of the compensation. The company now has complete notice of the requirements of these sections and any refusal to provide the documents within the stated time is an intentional and knowing violation.

The laws are clear on this issue and unless the company complies, we will file a lawsuit to require the company to provide these records, along with paying our costs and attorney's fees as required by the Labor Code. Failure to comply may also result in additional claims by our client such as intentional infliction of emotional distress or unfair business practices for failure to provide employee documents as required in the California Labor Code.

### B. Labor Code § 432: Requirement to Provide All Documents Our Client Signed.

Cal. Labor Code § 432 states,

> If an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request. (Emphasis added.)

We hereby demand that the company give us copies of all documents our client signed relating to his employment pursuant to Labor Code § 432. This could include any information he signed in his personnel file or otherwise, such as employment contracts, commission plans, handbook receipt acknowledgement, performance improvement plans, vacation requests, performance reviews, expense reimbursement requests, etc. This information must be given immediately without hesitation or reservation and there is no cost to the employee to enforce this.

### C. Cal. Labor Code § 1198.5: Requirement to Provide a Copy of all Personnel Records.

Cal. Labor Code § 1198.5 requires employers to provide "a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance

Messrs. Summers and Williams
Sasser Companies LLC
dba Sasser Restorations
January 23, 2024
Page 4

concerning the employee" within 30 days of the written request or be subject to penalties. Cal. Labor Code § 1198.5(l) provides our client the right to bring an action for injunctive relief to ensure compliance with the section and entitles our client to the recovery of all costs and reasonable attorneys' fees. This includes all documents related to any investigations conducted because of employee complaints.

According to Labor Code § 1198.5, we request a copy of all our client's personnel records. This includes, but is not limited to, all applications for employment; payroll authorization; commission plans forms; notices of commendation, warning, discipline; notices of layoff, leave of absence, and vacation; notices of wage attachment or garnishment; education and training notices and records; performance appraisals/reviews; and attendance records. This may include documents that are outside any specific, incomplete folder labeled, "personnel file." Therefore, the company needs to provide copies of the requested documents. Otherwise, we will move promptly to enforce this provision to the full extent of the law.

### D. Cal. Code of Civil Procedure §§ 2016.010 through 2035.060: Requirement to Provide All Documents and Information in Civil Litigation

These provisions are the discovery rules for California. All documents relating in any way to our client's employment will be made available under these rules once this case is filed with the court. These discovery rules are interpreted broadly and liberally construed in favor of disclosure. (*Greyhound Corp. v. Sup.Ct. (Clay)* (1961) 56 Cal.2d 355, 377-78.)

The requesting party in discovery can even obtain information that "appears reasonably calculated to lead to the discovery of admissible evidence." (Cal. Code of Civil Procedure § 2017.010.) This allows our client extremely broad access to your information in litigation.

Therefore, withholding information now would not only encourage our client to sue the company, but would significantly increase the amounts of money needlessly spent by the company in providing those documents later. The costs of discovery in litigation outweigh any perceived benefit of delay caused by the company's improper refusal to produce documents now. There exists no reason to attempt to withhold any documents relating to our client's employment at the present time.

Therefore, the company should give us all available relevant records <u>now</u> because ultimately, we can get them anyway. We are willing to pay a reasonable charge for copying the records. We suggest that you Bates stamp all the documents so that we will both be able to track exactly what you have given to us. Such additional documents would include but are not limited to:

1. Any documents, pictures, or videos the company relied upon for support of any reason it had to discharge our client;

2. The company training materials, personnel policies, rules, guidelines, and employee handbooks;
3. Materials showing our client's compensation and how it is calculated including the value of all employment benefits;
4. Any documents supporting or tending to support specific claims as described above or any of the company's defenses to our client's claims;
5. Witness statements obtained by the company through any formal or informal investigation regarding our client's claims as stated above;
6. Letters or notes to any government agencies about our client's claims;
7. Documentation and/or notes of any grievance or other review procedure pursued by our client;
8. Any documentation bearing on our client's performance, such as any productivity indicators or other measurements;
9. Any and all correspondence between the company and our client;
10. Any and all correspondence between the employees of the company and our client;
11. Any and all organizational charts including our client and or his direct supervisors;
12. Any insurance policies or reservation of rights letters potentially covering any of the claims in this case;
13. Business calendars, schedules, or appointment books our client used during his employment; and
14. Any other documents that you believe are relevant to determining the merits of our client's claims.

## DEMAND FOR PRESERVATION OF EVIDENCE: LITIGATION HOLD

The company is hereby on notice to preserve any information and evidence that may be related to this case. We hereby demand that the company and anyone working on its behalf not destroy, conceal, or alter any such hard copy or electronic information. The information requested in this letter must not be destroyed, concealed or altered in any way. (See *Toshiba America Electronic Components, Inc. v. Superior Court* (2004) 124 Cal.App.4th 762, 768.)

The company must take all necessary steps to preserve all electronically stored information ("ESI") that may be relevant to this case. ESI includes all files, metadata, pst files, electronic calendars, text messages, emails, phone records, or any other electronically stored information. ESI may be found on many locations including, but not limited to computers, cell phones, hard drives, backup tapes, network servers, flash drives, usb drives, back-up tapes, the company, DVDs, remote back up services, security camera storage drives, offsite data storage locations and any other electronic storage device or location.

We demand the company take all necessary steps to preserve all such ESI of our client and any other agent or representatives of the company to prevent the evidence from being destroyed or altered. The company should immediately obtain forensic computer experts to take an exact copy of all ESI in the company's possession, custody, or control. Specifically, we demand the copies of

computers or other equipment containing any ESI be preserved from access or usage by others in a secure location. The continued use of such items without preserving them risks failure to comply with this demand for preservation of evidence and could result in evidentiary and monetary sanctions against the company.

Pending further discovery concerning the layout and configuration of the company's computers and/or computer systems, and pending any agreement of the parties as to preservation of electronic evidence, the following safeguards against destruction of evidence should be maintained until the final resolution of these issues:

**Electronic Data to be Preserved**: This list is not exclusive and is intended only to describe the most obvious categories of electronic data that should be preserved. At a minimum, the following types of electronic data should be preserved on all computers the company owns, uses, or has in its possession, custody or control, in accordance with the steps set forth in paragraphs below:

    a. All materials of any kind relevant to our client's employment with the company;
    b. All electronic mail and information about electronic mail (including message contents, header information, metadata, and logs of electronic mail system usage pertaining or relating to the information set forth above;
    c. All databases (including all records and fields and structural information in such databases) containing information related to the information set forth above;
    d. All logs of activity on computer systems which may have been used to process or store electronic data pertaining or relating to the information set forth above;
    e. All word processing or other program files and file fragments pertaining or relating to the information set forth above;
    f. Regarding electronic data created by application programs that process financial, accounting and billing information, all electronic data files and file fragments pertaining or relating to the information set forth above;
    g. All files and file fragments containing information from electronic calendars and scheduling programs pertaining or relating to the information set forth above;
    h. All electronic data files and file fragments created or used by electronic spreadsheet programs, where such data files contain or contained information pertaining or relating to the information set forth above;
    i. All software programs used by the Employees to perform their jobs at the company; all software programs the company uses or has used to train employees to perform their jobs; all software programs the company. uses or has used to calculate, retain, or monitor the compensation of the employees;
    j. All electronic training manuals, guidelines, policies and procedures applicable to the employees; and

Messrs. Summers and Williams
Sasser Companies LLC
dba Sasser Restorations
January 23, 2024
Page 7

      k. All other electronic data containing and/or pertaining or relating to the information set forth above.

1. **On-Line Data Storage on Mainframes and Minicomputers**: With regard to on-line storage and/or direct access storage devices attached to the company's mainframe computers and/or minicomputers: any electronic data files existing at the time of this letter's delivery which meet any criterion set forth above should not be modified or deleted unless a true and correct copy of each such electronic data file has been made and steps have been taken to ensure that the copy will be preserved and accessible for purposes of litigation.

2. **Off-Line Data Storage, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media:** With regard to all electronic media used for off-line storage, including magnetic tapes and cartridges and other media that, at the time of this letter's delivery, contained any electronic data meeting the criteria listed above, the company must stop any activity that may result in the loss of such electronic data, including computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes, and other media, whether used with personal computers, minicomputers or mainframes or other computers, and whether containing back up and/or archive data sets and other electronic data, for all of the company's computer systems.

3. **Replacement of Data Storage Devices:** The company should not dispose of any electronic data storage devices and/or media, which may be replaced due to failure and/or upgrade and/or other reasons that may contain electronic data meeting the criteria listed in paragraph 1 above.

4. **Fixed Drives on Stand-Alone Personal Computers and Network Workstations**: With regard to electronic data storage devices meeting any criterion listed in paragraph above, which existed on fixed drives attached to stand-alone microcomputers and/or network workstations at the time of this letter's delivery: The company must not alter or erase such electronic data or perform other procedures (such as data compression and disk defragmentation or optimization routines) that may impact such data unless a true and correct copy has been made of such active files and of completely restores versions of such deleted electronic files and the file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements have been made to preserve copies in an accessible format during the pendency of this litigation.

5. **Programs and Utilities**: The company should preserve all copies of all application programs and utilities that may be used to process electronic data covered by this letter.

6. **Log on System Modification**: The company should maintain an activity log to document modifications made to any electronic data processing system that may affect the system's capability to process any electronic data meeting the criteria listed above, regardless of whether such modifications were made by employees, contractors, vendors and/or any other third parties.

7. **Evidence Created Subsequent to this Letter**: Regarding electronic data created subsequent to the date of delivery of this letter, relevant evidence must not be destroyed, and the company must take whatever steps are appropriate to avoid destruction of evidence.

Spoliation of evidence may result in evidentiary, monetary, or tort claims against the company (*Cedars-Sinai Medical Center* v. *Superior Court* (1998) 18 Cal.4th 1, 11-13). If the electronic discovery is not available because it was erased or otherwise not preserved, the company will be subject to sanctions regarding the substance of the information deleted. (See *In re Napster, Inc. Copyright Litigation* (N.D.Cal. 2006) 462 F.Supp.2d 1060, 1077-78). Even the company's attorneys have the duty to institute and maintain the litigation hold. (*Zubulake* v. *UBS Warburg LLC* (S.D.N.Y. 2004) 229 F.R.D. 422, 433). We will be diligently searching for any deletion or other impropriety in your computer systems or in the documents.

Should the company fail to properly preserve evidence or other information or documents relevant to this action, our client will seek the maximum possible sanctions for spoliation and destruction of evidence, which can include an adverse jury inference, judgment as a matter of law, monetary fines and an award of our attorneys' fees.

Please confirm in writing that you have taken the steps outlined in this letter to preserve the evidence in this case.

### CONCLUSION – Send us the Requested Records and Preserve all Evidence

Most defendants appreciate a reasonable inquiry by a plaintiff's attorney regarding the claims before filing a lawsuit. If the company has done nothing wrong, then it should have no objection to providing the requested documents.

We would appreciate the company's immediate cooperation and compliance with these code sections. Based on the forgoing legal authorities, send us all requested information within **twenty-one days** of this request. Please feel free to call me to discuss this matter. Thank you.

Very Truly Yours,

Messrs. Summers and Williams
Sasser Companies LLC
dba Sasser Restorations
January 23, 2024
Page 9

STEPHEN C. KIMBALL
Attorney at Law

SCK
cc: David Duta