UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Civil Case No: 1:24-cv-00107

| | |
|---|---|
| SASSER COMPANIES, LLC, <br><br>    Plaintiff, <br><br> v. <br><br> DAVID C. DUTA, <br><br>    Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

NOW COMES Defendant David C. Duta ("Defendant"), by and through counsel, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) respectfully submitting this Memorandum in support of Defendants Motion to Dismiss or in the Alternative, to Transfer Venue, all under Federal Rule of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), 28 U.S.C. § 1406(a), and 28 U.S.C. § 1404(a) (the "Motion to Dismiss or Transfer Venue").

### I.    FACTUAL BACKGROUND

This lawsuit arises out of an employment agreement between Sasser Companies, LLC ("Plaintiff" or "Sasser") and David C. Duta. Mr. Duta, a California resident, was hired in approximately May 2021 to create, staff, and develop a California branch of Sasser.[1] Defendant was also tasked with making the location profitable and sustainable.[2] Defendant was hired as a Senior Vice President for Sasser and was successful at his responsibilities.[3] During his employment, Defendant was diagnosed with cancer and informed the Sasser management team in

---

[1] Declaration at ¶¶ 3 - 4.
[2] *Id.* at ¶ 4.
[3] *Id.*

approximately July 2023.[4] Despite undergoing treatment, Defendant continued to work at the California office to ensure it maintained functional.[5] Shortly thereafter in July 2023, the parties executed a new employment agreement, which became the governing contract between the parties. Plaintiff alleges that the parties entered into a Cardholder Agreement.[6] Plaintiff further alleges that Defendant utilized various paid time off hours to supplement a 40-hour work week expectation.[7] Plaintiff alleges that Defendant, despite being a salaried employee, did not meet the 40-hour work week standard or falsified time entries to achieve that number.[8] Despite the parties acknowledging in the July 2023 employment contract that Defendant would "utilize the PTO or sick time if he was unable to work full-time," Plaintiff terminated Defendant for cause on December 19, 2023 claiming that he "committed acts of dishonesty" intended to "personally enrich Defendant" in connection with his employment to Sasser.[9]" Despite receiving an annual review rating of "Exceeding Expectations" at his October 2023 annual review[10], Defendant was terminated for cause. Coincidentally, the termination in December 2023 prevented Defendant from receiving his equity payment[11] as noted in the July 2023 contract.[12] Plaintiff now brings claims in the Middle District of North Carolina against Defendant for claims of breach of contracts and implied warranty, unjust enrichment, civil liability under North Carolina Statutes, fraud and intentional misrepresentation, constructive fraud, and declaratory action.

## II. MOTION TO DISMISS UNDER RULES 12(b)(2) AND 12(b)(3)

### A. PERSONAL JURISDICTION UNDER RULE 12(B)(2)

---

[4] *Id.* at ¶ 11.
[5] *Id.*
[6] Complaint at ¶¶ 15 - 16.
[7] *See generally* Complaint ¶¶ 47 – 48.
[8] *See generally* Complaint ¶¶ 44 – 48.
[9] Complaint at ¶ 53.
[10] Declaration at ¶ 16.
[11] *Id.* at ¶ 17.
[12] *See* Exhibit 3 of Complaint.

### 1. North Carolina Does Not Have General Jurisdiction Over Defendant Because Defendants' Contacts with North Carolina Are Not Continuous and Systematic.

General jurisdiction exists only when a defendant has "continuous and systematic" contacts with the forum state. *See, e.g., Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). "The Fourth Circuit has described the threshold level of minimum contacts required for general jurisdiction as 'significantly higher than for specific jurisdiction' and as 'very substantial, indeed.'" *Sweezy v. Specialized Bicycle Components, Inc.*, 2009 U.S. Dist. LEXIS 15845 (W.D.N.C. Feb. 12, 2009) (quoting *ESAB Group v. Centricut, Inc.*, 126 F.3d 617, 623-24 (4th Cir. 1997)).[13] Plaintiff's conclusory assertions that venue is proper in this district because it is the district in which the Plaintiff resides is insufficient to establish that Defendants are subject to personal jurisdiction in the Middle District of North Carolina.

Further, the burden of establishing personal jurisdiction rests with the party asserting it. *See, e.g., Med-Therapy Rehab. Servs. v. Diversicare Corp.*, 768 F. Supp. 513, 515-517 (W.D.N.C. 1991). In assessing personal jurisdiction, the Court first must determine whether the North Carolina long-arm statute confers personal jurisdiction over the defendant. Second, the Court must determine whether the exercise of that statutory power will violate the due process clause of the U.S. Constitution. *See, e.g., Dowless v. Warren-Rupp Houdailles, Inc.*, 800 F.2d 1305, 1306-07 (4th Cir. 1986). The Supreme Court has held that the due process clause of the Constitution requires that a defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See, e.g., International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945). In

---

[13] Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *See, e.g., ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617 622 (4th Cir 1997).

other words, a defendant should not be surprised by the institution of a lawsuit in a foreign forum where the defendant has not purposefully availed itself of the privilege of conducting activities within the forum state. *See, e.g., Hanson v. Denckla*, 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958).

The district courts in North Carolina have consistently held that the Court should consider the following factors when determining whether minimum contact with the forum state exists: (1) the quantity of the contacts, (2) the nature and quality of contacts, (3) the source and connection of the cause of action with those contacts, (4) the interests of the forum state and convenience, and (5) whether the defendant invoked benefits and protections of the law of the forum state. *See, e.g., Richmar Development v. Midland Doherty Services*, 717 F. Supp. 1107, 1118 (W.D.N.C. 1989), Hardin v. DLF Computer Co., Inc., 617 F. Supp. 70, 71 (W.D.N.C. 1985).[14] The factors must be analyzed on a "case-by-case basis, determining what is fair, reasonable, and just according to the circumstances." *Richmar Development*, 717 F. Supp. at 1118.

Additionally, Plaintiff's conclusory averments regarding Defendant's sparse activities in North Carolina do not meet their pleading burden of demonstrating general jurisdiction. *See, e.g., Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) ("mere conclusory statements devoid of a factual foundation" will not suffice in establishing personal jurisdiction). As further discussed *infra*, Plaintiff provides no supporting document, affidavit or verification regarding the hours worked or the amount of damages accrued by Defendant's actions. This is insufficient to meet the pleading standards of fraud-based claims in North Carolina.

---

[14] The North Carolina long-arm statute extends to the outer bounds of due process, making analysis under the statute and the due process clause as one and the same. *See, e.g., FDIC v. British-American Corp.*, 726 F. Supp. 622, 629 (E.D. N.C. 1989).

Based on the forgoing, North Carolina does not have general jurisdiction over the Defendant.

2. **North Carolina Does Not Have Specific Jurisdiction over Defendants.**

"The Fourth Circuit has 'synthesized the Due Process Clause for asserting specific jurisdiction into a three-part test . . . (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" *Mountain Funding, LLC v. Wieder Jewelers, Inc.*, 2011 U.S. Dist. LEXIS 32511 (W.D.N.C. Jan. 13, 2011) (quoting *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

a. **Defendant did not purposefully avail himself of the privilege of conducting activities in North Carolina.**

Plaintiff's allegation of "purposefully directed internet activities" by Defendant in the Middle District of North Carolina is entirely conclusory and therefore insufficient to demonstrate that Defendants purposefully directed their activities at North Carolina. *Dever*, 380 F.3d at 1073 ("conclusory statements devoid of a factual foundation" insufficient to establish personal jurisdiction).

"To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum,

such as executing or performing a contract there." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). However, "a contract alone does not automatically establish minimum contacts," *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015); and "a contract is only an intermediate step that connects prior negotiations with future consequences, the real object of a business transaction." *Long v. Authentic Athletix, LLC.*, No. 16-cv-03129-JSC, 2016 WL 6024591, at *3 (N.D. Cal. Oct. 14, 2016).

"A [party] purposefully avails itself of the privilege of doing business in the forum by opening offices and hiring employees in the forum." *Franey v. Am. Battery Sols. Inc.*, No. 22-CV-03457-LB, 2022 WL 4280638, at *5 (N.D. Cal. Sept. 15, 2022) *quoting Mewawalla v. Middleman*, No. 21-cv-09700-EMC, 2022 WL 1304474, at *9 (N.D. Cal. May 2, 2022). In *Mewawalla*, the court held that an out-of-state defendant purposefully availed itself of California's protections and benefits by hiring the plaintiff because of his California connections and allowing him to be based in California. *Id.* at 6. Likewise, in *Stuart v. Churn LLC*, a New York employer purposefully availed itself of the North Carolina forum by employing the plaintiff in North Carolina, expecting the plaintiff to work out of his own space, and having the plaintiff advance the employer's business interests in the state. No. 1:19-CV-369, 2019 WL 2342354, at *5 (M.D.N.C. June 3, 2019). *Id.*

Here, as Sasser alleges in its complaint, none of its listed categories purported as minimum contacts for proving that Defendant purposeful availed himself of the protection and laws of North Carolina. In fact, the same allegations support Plaintiff's own availment of California laws.

First, as in *Picot*, the mere fact that a contract was executed in North Carolina does not mean that Defendant purposefully availed himself of the laws of North Carolina. The Court must look to the real object of the business transaction, which was the building out of a California office

and operations.[15] Second, California is the appropriate forum[16], since Sasser intentionally hired Defendant knowing he was domiciled in California, and intended to utilize his skill, knowledge, and contacts to build out the office.[17] Third, Defendant refutes that the contract was executed in North Carolina, as he only traveled to the state for training.[18]

It is extremely important to note that Sasser Companies, LLC was formed as a foreign entity in California to conducts its affairs and to sue and be sued.[19] The availment argument goes completely against Sasser as it has purposefully availed itself of the laws of California and even incorporated as a foreign entity conducting business in California. Thus, not only did Sasser avail itself of California's laws, but complete diversity does not exist. 28 U.S.C. § 1332; *See Doe v. Bayer Corp.*, 344 F. Supp. 2d 466, 469 (M.D.N.C. 2004); *Also see Cohn v. Rosenfeld*, 733 F.2d 625, 628 (9th Cir. 1984) (Both *Doe* and *Bayer* focus on the capacity to sue and be sued as the decisive factor). *See also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580, 119 S. Ct. 1563, 1568, 143 L. Ed. 2d 760 (1999) (Footnote 2: "The foreign citizenship of defendant Ruhrgas, a German corporation, and plaintiff Norge, a Norwegian corporation, rendered diversity incomplete.")

Moreover, the nature and quality support that North Carolina is not the target forum. All the Defendant's actions take place in California, where Sasser intended to develop a new arm of its business.[20] The alleged contacts Defendant had with any representative of Sasser in North Carolina involve actions over the internet[21], and does not subject him to personal jurisdiction in each State (including North Carolina) in which the information is accessed. *ALS Scan* at 712. A

---

[15] Declaration of David C. Duta, ¶ 4.
[16] This is further discussed below in Section C and in Defendant's Motion to Transfer Venue.
[17] Declaration at ¶ 5.
[18] *Id.* at ¶ 6 – 9.
[19] https://bizfileonline.sos.ca.gov/search/business (enter Sasser Companies, LLC)
[20] *Id.* at ¶ 5.
[21] *See* Complaint at ¶ 7 (a) – (e).

ruling in favor of Plaintiff would impermissibly grant the state of North Carolina powers beyond its constitutional limit in exercising jurisdiction over a party. *Id.* at 711.

Lastly, the exercise of personal jurisdiction over Duta is unreasonable. North Carolina courts look to five factors in determining whether it is reasonable to extend personal jurisdiction over a party: (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies. *Robert Allan Wright v. Zacky & Sons Poultry, LLC.*, 2014 WL 11022338 (M.D.N.C.).

Considering these factors, this Court should find that exercising personal jurisdiction over Defendant Duta would not be constitutionally reasonable.

First, there is a significant burden on Duta to defend himself in North Carolina, as all his business operations are in California. Most witnesses and evidence regarding the events are also in California. If this motion is not granted, Duta will face significant expenses defending claims originating 2,500 miles away. Second, this Court has minimal interest in adjudicating this dispute, as it primarily involves conduct in California. Third, while Sasser seeks convenient relief, this should not outweigh the burden on Duta in defending himself far from where the issue arose. Fourth, dismissing or transferring this action would promote efficient resolution, as requiring Duta and witnesses to travel across the country would incur significant costs and delays. Finally, Sasser's residency in North Carolina despite hiring Duta in California does not support exercising personal jurisdiction over Duta.

Therefore, it is constitutionally unreasonable to exercise jurisdiction over Duta.

**b. Plaintiff's claims do not arise out of or relate to Defendants' alleged activities in North Carolina.**

Plaintiff's Complaint fails to demonstrate that its claims result from activities that occurred in North Carolina.

**c. The exercise of personal jurisdiction over defendants offends traditional notions of fair play and substantial justice.**

North Carolina has little or no interest in adjudicating this dispute. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (in determining the reasonableness of the forum, the court must consider the burden on the defendant in light of other factors, including "the forum State's interest in adjudicating the dispute"). Given that the only connection the Middle District of North Carolina has with this suit is that the Plaintiff allegedly resides in this district, this district's interest in adjudicating this case is negligible at best. Furthermore, litigating in North Carolina would be much less convenient for Defendants than arbitrating and/or litigating in California. It is unfair to subject a defendant to what would amount to "nationwide personal jurisdiction" simply based on the "unilateral activity of another party," as Plaintiff has done here. *See, e.g., Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998). Accordingly, neither general nor specific personal jurisdiction exists.

### C. VENUE UNDER RULE 12(B)(3)

Venue is improper in the Middle District of North Carolina. *See* 28 U.S.C. § 1391(b). Without any supporting facts, Plaintiff cursorily claims that "[v]enue is proper in this district because it is the district in which the Plaintiff resides and where the Defendant advertises, solicits and conducts business." See Compl. P. 2 (emphasis added). To the contrary, because Plaintiff has alleged that jurisdiction is founded on diversity, 28 U.S.C. § 1391(b) applies and states: "A civil

action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

1. **Defendant Does Not Reside in This District.**

As shown above, Plaintiff fails to allege in its Complaint that Defendant resides in the Middle District of North Carolina. Instead, the Complaint only recites that Plaintiff resides in this district. Defendant, however, maintains that he resided in California at all relevant times of his employment to Sasser.[22] The only mention of contact with North Carolina involved two occasions of training and a re-execution of employment agreement.[23] As discussed in more detail *supra*, these alone are not sufficient to support minimum contacts with North Carolina. Defendant does not reside in North Carolina, and thus, not subject to personal jurisdiction in the Middle District of North Carolina.

2. **A Substantial Part of the Events or Omissions Giving Rise to the Claim Did Not Occur in this District.**

Again, Plaintiff fails to allege that a substantial part of the events or omissions giving rise to the claim occurred in North Carolina, or this is where a substantial part of the property that is the subject of the action is situated. *See* 28 U.S.C. § 1391(b)(2); *see also Bartko v. Wheeler*, No. 1:13CV1006, 2014 U.S. Dist. LEXIS 1041 (M.D.N.C. Jan. 3, 2014) ("[F]or venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district

---

[22] Declaration at ¶ 3.
[23] *Id.* at ¶ 6 and ¶ 8.

in question, even if other material events occurred elsewhere. It would be error, for instance, to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries.") (citations omitted). Plaintiff fails to show how jurisdiction is triggered under this prong. In fact, this entire suit is a pre-emptive strike to try and obtain jurisdiction in North Carolina and avoid the employee friendly laws of California. Such pre-text is obvious, and this lawsuit and impending counterclaim are proper only in California.

### III. MOTION TO DISMISS UNDER RULE 12(b)(6)

#### A. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The Rule 12(b)(6) standard changed with the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* overruled previous precedent that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Twombly*, 550 U.S. at 562-63. Now, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, U.S.*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court need not "accept the legal conclusions drawn from the facts," and "we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citing *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).

### B. ARGUMENTS AND AUTHORITIES

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." *Id*. at 555. *See also Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," *Mamani v. Berzaín*, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### 1. Plaintiff has failed to state a claim for which relief can be granted on its breaches of contract and unjust enrichment claims.

Plaintiff's claims fail as it failed to state a claim upon which relief can be granted. First, Plaintiff attempts to enforce the contracts attached to the complaint. As a threshold matter, the only applicable employment contract between the parties is the July 17, 2023 contract.[24] This contract voided all other employment contracts and offer letters between the parties.[25]

However, throughout the complaint, Plaintiff adds terms to the contract that are not found anywhere in the document. For example, Plaintiff claims that Defendant should work 40 hours per week, yet nowhere in the two offer letters does this term appear. The offer letters attached to the complaint specifically references California law and only make reference to North Carolina law under the Indemnification section of the (now voided) initial employment contract[26]. Additionally, the Defendant is a salaried employee, who, may work sometimes more than 40 hours per week and sometimes less per week – this does not affect his guaranteed salary. Furthermore, Plaintiff did not submit a verified complaint, any documents indicating the expansion of the terms of the contract, or an affidavit of any kind alleging additional information outside of the plain language of the contracts. Logically, since the additional alleged terms are outside the four corners of the document, they are not considered to be a part of the contract. Moreover, Plaintiff cannot claim that Defendant was unjustly enriched – he established a thriving California arm to the business.[27] In fact, at the time of this filing, Plaintiff still markets its services to California, and having established the California office, was the purpose of hiring Defendant. Therefore, the allegations of breaches of contracts and unjust enrichment fail as a matter of law.

---

[24] Exhibit 3 to the Complaint.
[25] *Id.* at p. 5.
[26] Exhibit 1 to Complaint.
[27] Declaration of Duta, ¶ 4.

## 2. Plaintiff failed to state a claim for which relief can be granted on its fraud-based claims.

Plaintiff's claims based on fraud fail to state a claim upon which relief can be granted. First, Rule 9 requires "... in all averments of fraud, duress or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." N.C. Gen. Stat. §1A-1, Rule 9.

In *Colton v. Bank of America Corp.*, the North Carolina Court of Appeals dismissed a plaintiff's fraud claim against the bank. The plaintiff failed to sufficiently specify damages caused by the bank's alleged misrepresentations regarding mortgage refinance options and how the statements induced him to forgo filing for bankruptcy. 267 N.C. App. 511, 832 S.E.2d 570 (2019). Without showing how the misrepresentations directly led to harm, the court concluded the plaintiff's claim did not meet the Rule 9 pleading standard and was dismissed. *See generally id.*

Here, this Court should adopt the position of *Colton* in finding that Plaintiff failed to plead facts depicting damages with particularity. As a threshold matter, Plaintiff fail to produce any verified complaint, affidavit supporting or any documents reflecting its alleged false statements. In fact, Plaintiff fails to describe how many hours of paid time off that Defendant accrued, or even utilized in the alleged time periods. These allegations fail to meet the complaint pleading particularity standards mandated in North Carolina law.

Furthermore, Defendant should not be punished for Plaintiff's poorly drafted contract. Paragraph 44 of the Complaint notes: "At all relevant times, Sasser and Defendant understood that Defendant should and would either use PTO or sick time if he was unable to work full-time, or submit hours that accurately reflected his work in any given pay period." Sasser provided no document reflecting time entries, only speculative and conclusory statements regarding the time worked and hours inputted. Since Defendant is a salaried employee, regardless of his time entries,

he would have been paid his salary despite the alleged improper classification of his time entries. Based on this statement in the complaint, Sasser cannot meet the element that it reasonably relied upon the Defendant's representations *to its detriment* or that it suffered any damages at all.

Therefore, Plaintiff's claims based in fraud fail as it does not meet all the elements and therefore, does not plead a claim for which relief can be granted.

### 3. Plaintiff has failed to state a claim for which relief can be granted for claims brought under the North Carolina General Statutes.

Regarding Plaintiff's claims under N.C. Gen. Stat. §§ 14-74, 14-90, 14-100, it failed to state a claim upon which relief can be granted. First, these statutes are criminal statutes that carry various penalties, including time for incarceration. The proper party to bring these claims is the State of North Carolina. Second, Plaintiff is a limited liability company domiciled in North Carolina and in California. Third, these laws do not exist in California, and Plaintiff impermissibly aims to assert these claims against an individual who has not availed himself of the rights and protections of North Carolina. Therefore, Plaintiff lacks standing to bring these claims and they should be dismissed outright.

### IV. CONCLUSION

For these reasons, Defendants respectfully request that the Court dismiss Plaintiff's complaint. Respectfully submitted, this the 3rd day of April, 2024.

**TLG LAW**

/s/ Ty K. McTier
Ty K. McTier (N.C. Bar 49401)
2907 Providence Road, Suite 303
Charlotte, North Carolina 28211
Tel. & Fax: (704) 900-2215
tmctier@tlg-law.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

This is to certify that on April 3, 2024, the undersigned filed the foregoing using the Court's CM/ECF system which will send a notification of such filing to all counsel of record.

/s/ Ty K. McTier
*Attorney for Defendant*