UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

SASSER COMPANIES, LLC,

    Plaintiff,

v.

DAVID C. DUTA,

    Defendant.

Civil Case No: 1:24-cv-00107

### MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

NOW COMES Defendant David C. Duta ("Defendant"), by and through counsel, pursuant to U.S.C. § 1406(a), and 28 U.S.C. § 1404(a), hereby respectfully submits this Memorandum in support of Defendant's Motion to Transfer Venue.

### FACTUAL BACKGROUND

This lawsuit arises out of an employment agreement between Sasser Companies, LLC ("Plaintiff" or "Sasser") and David C. Duta. Mr. Duta, a California resident, was hired in approximately May 2021 to create, staff, and develop a California branch of Sasser.[1] Defendant was also tasked with making the location profitable and sustainable.[2] Defendant was hired as a Senior Vice President for Sasser and was successful at his responsibilities.[3] During his employment, Defendant was diagnosed with cancer and informed the Sasser management team in approximately July 2023.[4] Despite undergoing treatment, Defendant continued to work at the

---

[1] Declaration at ¶¶ 3 - 4. This branch of Plaintiff's company still exists, and Plaintiff is registered with the California Secretary of State as an active foreign business.
[2] *Id.* at ¶ 4.
[3] *Id.*
[4] *Id.* at ¶ 11.

California office to ensure it maintained functional.[5] Shortly thereafter in July 2023, the parties executed a new employment agreement, which became the governing contract between the parties. Plaintiff alleges that the parties entered into a Cardholder Agreement.[6] Plaintiff further alleges that Defendant utilized various paid time off hours to supplement a 40-hour work week expectation.[7] Plaintiff alleges that Defendant, despite being a salaried employee, did not meet the 40-hour work week standard or falsified time entries to achieve that number.[8]

Despite the parties acknowledging in the July 2023 employment contract that Defendant would "utilize the PTO or sick time if he was unable to work full-time," Plaintiff terminated Defendant for cause on December 19, 2023 claiming that he "committed acts of dishonesty" intended to "personally enrich Defendant" "in connection with his employment to Sasser.[9]" Despite receiving an annual review rating of "Exceeding Expectations" at his October 2023 review[10], Defendant was terminated for cause. Coincidentally, the termination in December 2023 prevented Defendant from receiving his equity payment[11] as noted in the July 2023 contract.[12] Plaintiff now brings claims in the Middle District of North Carolina against Defendant for claims of breach of contracts and implied warranty, unjust enrichment, civil liability under North Carolina Statutes, fraud and intentional misrepresentation, constructive fraud, and declaratory action.

I. PROCEDURAL HISTORY

Plaintiff filed its Complaint and Summons on February 12, 2024. Defendant requested an Extension of time to file his Answer or accompanying motions on March 20, 2024. This motion

---

[5] *Id.*
[6] Complaint at ¶¶ 15 - 16.
[7] *See generally* Complaint ¶¶ 47 – 48.
[8] *See generally* Complaint ¶¶ 44 – 48.
[9] Complaint at ¶ 53.
[10] Declaration at ¶ 16.
[11] *Id.* at ¶ 17.
[12] *See* Exhibit 3 of Complaint.

was granted and allowed Defendant to file his Answer by April 3, 2024. Defendant moved this Court for a Motion to Dismiss pursuant to 12(b)(1), (2), (3) and (6).

If the Court denies the 12(b) Motions and determines that venue is proper in the Middle District of North Carolina under said motion, Defendants move this Court to transfer the case to the Federal District of California, Central Division, pursuant to 28 U.S.C. § 1404(a). The foregoing sections are incorporated herein fully by reference. As previously argued in the Memorandum in Support of the Motions to Dismiss, North Carolina has no real connection to this case. Not only is the Central District of California a more convenient venue, but it is the proper venue for this lawsuit.

A. ARGUMENT AND AUTHORITIES

Under 28 U.S.C. § 1404(a), a court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and the witnesses in the interests of justice. In determining whether to transfer a case, the plain language of the statute requires that the Court balance the convenience to the parties and witnesses, as well as the interests of justice. *See Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, 751 F.Supp. 93, 95 (W.D.N.C. 1990). The district court should consider eleven factors when deciding if a matter will be transferred. Each factor is addressed immediately below. *See Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, 751 F. Supp. 93, 96 (W.D.N.C. 1990) (citing *Com. Equip. Co. v. Barclay Furniture Co.*, 738 F. Supp. 974, 977 *(W.D.N.C. 1990)*; *McDevitt & St. Co. v. Fid. & Deposit Co. of Maryland*, 737 F. Supp. 351, 354 (W.D.N.C. 1990). The analysis of these factors is qualitative, not merely quantitative. *Id*. These factors include: (1) plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4)

possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws. *See Plant Genetic Systems, N.V. v. CIBA Seeds*, 933 F.Supp. 519 (M.D.N.C. 1996). An analysis of the above factors, as discussed in more detail below, shows that this case must be transferred from the Middle District to the Federal District of California, Central Division.

1.  **Plaintiff's initial choice of forum.**

North Carolina Courts frequently hold that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *See Regent Lighting Corp. v. Galaxy Electric Manufacturing, Inc.,* 933 F. Supp. 507, 513 (M.D.N.C. 1996). While this factor carries considerable weight, it must be balanced with the other factors. *Jim Crockett Promotions, Inc.*, 751 F. Supp. 93, 96 (W.D.N.C. 1990) (citing *McDevitt & Street*, 737 F. Supp. at 355-59) (although this Court found that plaintiff's choice of forum favored its position, the Court nonetheless granted defendants' motion to transfer after all factors had been considered); *see also National Property Investors VIII v. Shell Oil Co.*, 917 F. Supp. 324, 327 (D.N.J. 1995) ("Where the central facts of the lawsuit occur outside of the chosen forum, plaintiff's choice of forum is accorded less weight"). As shown below, the other factors weigh heavily in Defendant's favor.

2.  **Residence of the parties.**

While Plaintiff claims to be a resident\of North Carolina, Plaintiff has alleged that Defendant is domiciled in California.[13] Additionally, Plaintiff is a foreign business registered in California and markets its services to the consumers in that forum. As such, this factor weighs in Defendant's favor.

3. **Relative ease of access of proof.**

Plaintiff alleged Defendant misrepresented facts regarding the California location. Access to the relevant persons, information, and records would be much easier if this case were transferred to California. Again, a factor in favor of Defendant.

4. **The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses.**

Although this case is still in its early stages, and identification of witnesses is not complete, but most of any testifying individuals would likely be in California. Plaintiff is also in a more favorable position to cover the costs of travel for any witness involved with the company, and that is subpoenaed to testify in the matter. Whereas it is more burdensome not only to Defendant to travel to North Carolina due to his illness, but also mandating numerous witnesses to travel into North Carolina is particularly costly and burdensome. Furthermore, as all witnesses in North Carolina would be subject to compulsory process issued from the Middle District, and no witnesses in California would be so subject, this factor does not appear to favor maintaining the suit in the Middle District.

5. **The possibility of a view.**

Defendant does not believe a view (of property) by a jury will be necessary in this case.

6. **The enforceability of a judgment.**

---

[13] Complaint at ¶ 5.

Defendant does not own any property in North Carolina and resides in California[14]. Therefore, the Courts of California would be required to enforce any judgment Plaintiff obtains. Again, Plaintiff is a foreign business registered in California. As such, this factor does not favor the Middle District, and weighs in Defendant's favor for transferring venue.

7. **The advantages and obstacles to a fair trial.**

This case will likely involve numerous issues related to California employment law, and especially concerning contract interpretation and other laws involving fraud-based claims. As such, any Court will likely apply California law to this case, and California courts are in a better position to apply said law.

8. **Other practical problems that make a trial easy, expeditious, and inexpensive.**

A trial in California would require less total expense and would be far more expeditious, since the key witnesses reside in, documents exist in, and material events happened in California. Further, many of the witnesses may be employees in the Plaintiff's California office and would have a more difficult, more costly, and less efficient means of traveling to Middle District. Requiring these witnesses to make an over six-hour trip to Charlotte, incur lodging expenses for a trial expecting to last at least one-week, seems to make little sense, considering that they likely do not have any connection with the Middle District, other than employment with the Plaintiff. Frankly, no party would be inconvenienced if the matter were transferred to the Federal District of California, Central Division, as California clearly has a stronger relationship to this dispute than North Carolina.

9. **Court congestion.**

This factor appears to be similar in either jurisdiction.

---

[14] Declaration of Duta, ¶ 3.

**10. The interest of having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action.**

Because the contracts at issue would apply California law, California is where Defendant resides, Plaintiff maintains a proper foreign business designation in California, and because it is the proper venue, California has a significant interest in resolving the current dispute. Accordingly, this factor weighs heavily in Defendant's favor.

**11. The avoidance of unnecessary problems with conflict of law.**

California courts are in a better position to apply California law to all causes of action. In sum, because the contract covering the claims alleged in the Complaint will be governed by California law; because documents, key witnesses, and information will be located in California; the fact that both qualitatively and quantitatively, the factors heavily weigh in Defendant's favor; and in the interests of judicial economy and justice, Defendant respectfully request the Court transfer this action to the Central District of California.

## II. CONCLUSION

For these reasons, Defendants respectfully request that the Court transfer this case to the United States District Court for the Federal District Court of California, Central Division pursuant to 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1404(a).

Respectfully submitted, this the 3rd day of April, 2024.

**TLG LAW**

/s/ Ty K. McTier
Ty K. McTier (N.C. Bar 49401)
2907 Providence Road, Suite 303
Charlotte, North Carolina 28211
Tel. & Fax: (704) 900-2215
tmctier@tlg-law.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on April 3, 2024, the undersigned filed the foregoing using the Court's CM/ECF system which will send a notification of such filing to all counsel of record.

/s/ Ty K. McTier
*Attorney for Defendant*
